UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER VAN HECK

    Plaintiff,                                                 Civil Action No. 14-CV-12679
                                                                    HON. BERNARD A. FRIEDMAN

vs.

HEARING OFFICER
WHITE-SIMMONS, et al.,

    Defendants.
_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed *in forma pauperis* [docket entry 2]. For the following reasons, the Court shall (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed *in forma pauperis* makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it

-1-

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if it is "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios."  *Id.* at 327-28.  To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).  Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

In this case, to the extent plaintiff contends that the Driver Assessment and Appeal Division of the Michigan Department of State ("DAAD") violated his right to procedural due process when it restricted his driver's license, the Sixth Circuit Court of Appeals' holding in *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583 (6th Cir. 2004) is controlling.  There, the appellate court ruled that:

> [i]f satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury. *Hudson[v. Palmer]*, 468 U.S. [517] at 533 [1984]; *Vicory[v. Walton]*, 721 F.2d [1062] at 1065-66 [6th Cir. 1983] (in procedural due process cases claiming deprivation of property interest, plaintiff must attack the state's corrective procedure as well as the substantive wrong).  Plaintiff may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress her due process violations. *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Mansfield Apt. Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1475 (6th Cir. 1993). The plaintiff must prove the inadequacy of state remedies as an element of her constitutional tort. *See*

>   *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) ("Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove *as an element* of that claim that state procedural remedies are inadequate." (emphasis added)).

*Id.* at 587-88.  Since plaintiff does not allege that the corrective remedies under Michigan law are wholly inadequate to address DAAD's imposition of certain restrictions on his driver's license, he has not adequately pleaded a colorable procedural due process violation.

Additionally, the Court lacks jurisdiction because the complaint collaterally challenges the DAAD's administrative determination, which is barred by the *Rooker-Feldman* doctrine.  As the Sixth Circuit has explained:

>   In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257.  *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir. 2000).  We refer to this doctrine as the *Rooker-Feldman* doctrine.  *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923).  The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may only be had in this Court."  *Feldman*, 460 U.S. at 486; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001).  In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

*Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002) (footnote omitted).  This doctrine equally applies to administrative agency decisions so long as the agency exercises "powers that are inherent to the judiciary, or because the state has provided mechanisms for judicial review of their determinations that distinguish those determinations from other types of state administrative action."  *Mitchell v. Fishbein*, 377 F.3d 157, 166 (2d Cir. 2004).  Because Mich. Comp. Laws §

257.323 specifically provides for judicial review of DAAD's decisions in the state circuit court, plaintiff's attack on the driver's license restriction proceeding clearly falls within the parameters of *Mitchell* and is barred by the *Rooker-Feldman* doctrine. Ultimately, if plaintiff wishes to challenge the DAAD's determination, he must pursue whatever remedies are available to him in the state courts. *See* Mich. Comp. Laws § 257.323. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed *in forma pauperis* is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: July 22, 2014  
Detroit, Michigan

_s/ Bernard A. Friedman____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE